JOHN EMLEY, ADMINISTRATOR, APPELLEE, V. CITIZENS STATE BANK OF STANTON, APPELLANT.

FILED JUNE 8, 1906.   No. 14,371.

1. **Trial: REPLY.** A trial judge does not commit prejudicial error by refusing to strike from a reply allegations of new matter already embraced in the issues raised by the petition and answer, and therefore admissible in, evidence without further pleading.

2. **Issues: VERDICT: INDEMNITY.** Where the issue is as to whether a certificate of deposit was issued against a deposit in a bank, and the general verdict is for the plaintiff, based upon his denial that such instrument ever existed, the court need not require indemnity against such alleged outstanding instrument.

3. A cross-examination should be confined to the subject matter of the examination in chief.

APPEAL from the district court for Stanton county: GUY T. GRAVES, JUDGE. *Affirmed.*

*G. A. Eberly,* for appellant.

*A. R. Oleson, John A. Ehrhardt, W. W. Young, W. P. Cowan* and *A. A. Kearney, contra.*

AMES, C.

This case was formerly before this court and decided by an opinion prepared by Mr. Commissioner OLDHAM, *Sharp v. Citizens Bank of Stanton*, 70 Neb. 758. Reference is made to that opinion for a recital of such of the facts as are not stated below. After the cause had been remanded, Emley, the administrator of the estate of William T. Sharp, deceased, was permitted to intervene, such intervention being treated substantially as a substitution of the administrator for all the former plaintiffs, and the litigation thereafter proceeded as an action between him and the bank alone. In his petition he sought to recover as upon a demand arising upon open, check or deposit account and claimed interest from the alleged date of the deposit, or February 6, 1888, alleging that the fact of the deposit and indebtedness had been fraudulently concealed by the bank and its officers, and that the same did not come to his knowledge until within a year prior to the filing of his petition, and that if any certificate of deposit or other evidence of it had been ever executed or issued it had been lost or destroyed, but that in truth and in fact none such had ever been made or issued. Before answering, the defendant, for no very well-defined reason, moved the court for an order requiring the plaintiff to separately state and number causes of action in his petition, but there being but one cause alleged, the motion was overruled, and the defendants filed an offer to confess judgment for the principal of the sum sued for, viz., $938.10, together with 7 per cent. interest thereon from June 1, 1904, and costs of suit. The offer was declined. The answer, besides a qualified general denial, pleads affirmatively that at the time the deposit of money was alleged to have been made the Citizens Bank of Stanton was a private institution, owned by Frank P. Hanlon and John Eberly, as partners, and that the books of said partnership showed that a certificate of deposit was issued therefor to the deceased, William T. Sharp, which was negotiable in form, and payable upon

demand and its return, but that such demand and return had not been made. It was further alleged that the defendant bank was an incorporation which had become such in May, 1890, and that after its incorporation it was informed by the said Sharp that no such deposit had ever been made, and that the defendant had since relied upon said statement, believing it to be true. They demanded therefore that a recovery, if any, should be conditioned upon the execution by the plaintiff, with surety, of a good and sufficient bond of indemnity against said outstanding certificate of deposit, if there was one. The answer concluded with a plea of the statute of limitations. A reply was filed, denying new matter, and alleging that the incorporated bank was a successor both ostensibly and in fact to the name, business, assets and liabilities of the private institution. It is assigned for error that the court erred in refusing to strike out this allegation, but it is implied by the language of the answer also, and evidence in support of it would have been admissible in its absence, so that, if there was error, it was without prejudice. There was a trial, verdict and judgment for the plaintiff for the amount prayed for, and defendant appeals to this court.

There is no complaint as to instructions, and but little opportunity to err with respect to them. The litigation involved issues of fact only, which appear to have been fairly tried and submitted to the jury, and we know no reason why their verdict should be disturbed. The question whether a certificate of deposit had been issued against which the defendant is entitled to be indemnified is, if an issue at all, one of fact which was disposed of with the rest; there was no separate or special finding of it made or demanded, and no bond of indemnity was therefore requisite. We are also of opinion that the defendant is estopped with respect to it by their present and former pleadings.

The cashier of the defendant was examined as a witness by the plaintiff concerning his knowledge of entries upon the books of the bank for the purpose of proving the alleged

fact of concealment, and certain letters written by him to the widow of the deceased were admitted for the same purpose, and counsel complain because the defendant was not permitted to cross-examine concerning certain alleged conversations between the witness and the deceased with reference to these entries and to matters mentioned in the letters. But it was the existence of the entries and the witness' knowledge of their existence, and not the reason or occasion of their having been made, that was the subject of the examination in chief, and the matter sought to be drawn out was not a proper subject of cross-examination. In other words, the object and effect of the examination in chief was not to prove by the witness any transaction between him and the deceased, but to prove that he had known of the existence of certain alleged evidence of such a transaction, and he was not called upon to tell what that transaction was or whether the supposed evidence thereof was true or false. If the deceased had been alive, and plaintiff in the action, the attempted cross-examination would have been equally objectionable, and, hence, a construction of section 329 of the code, which is urged upon our attention, is not called for.

We recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court is

AFFIRMED.